**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KAREN WALLS, as next friend of
CHADARIOUS AVERY, a minor                                         PLAINTIFF

v.                            Case No. 5:11-cv-174-KGB

RODERICK SHELBY and SHERIFF
GERALD ROBINSON                                                  DEFENDANTS

<u>ORDER</u>

Before the Court are three motions *in limine* filed by plaintiff Karen Walls as Chaderious Avery's next friend (Dkt. Nos. 55, 56, 57). At the pretrial conference on December 13, 2012, the Court heard argument from all counsel on the three motions *in limine*. Separate defendant Roderick Shelby, in his individual capacity, then responded (Dkt. No. 62) to plaintiff's third motion *in limine* (Dkt. No. 57). Ms. Walls replied (Dkt. No. 64).

I.      **Plaintiff's First Motion *in Limine* (Dkt. No. 55)**

Ms. Walls moves to exclude Mr. Avery's school disciplinary records and "any and all evidence or testimony regarding fights in which Avery may have participated prior to the incident on April 18, 2011" (Dkt. No. 55, at 1-2). Ms. Wall maintains that such evidence should be excluded under Rules 403, 404(b), and 405 of the Federal Rules of Evidence. At the pretrial conference, counsel for defendants acknowledged they did not intend to introduce any physical records but stated they planned to elicit testimony regarding Mr. Avery's prior suspensions and expulsions from school, most of which purportedly resulted from fighting.

The first and third motions *in limine*, and the responses thereto, involve the issue of whether Mr. Shelby should be permitted at trial to establish that Mr. Avery had a habit or routine practice, within the meaning of Rule 406 of the Federal Rules of Evidence, of being aggressive and fighting when angry or mad. Defendants state: "Avery demonstrated a practice of being

angry or upset followed by physical assault on the object of his anger" (Dkt. No. 63, at 3). Two key issues for trial are who threw the first punch and why during the April 18, 2011, incident and Mr. Shelby's state of mind during that incident as it relates to the level of force he used. Defendants maintain the anticipated evidence and testimony addressed in these motions *in limine* is relevant to these issues. Counsel for Mr. Shelby recognized at the pretrial conference that his opposition to the third motion *in limine* also applies in part to the first motion *in limine*.

Rule 404(b)(1) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." The Eighth Circuit has stated that "Rule 404(b) precludes propensity evidence and we see no relevant distinction between it and evidence tending to prove a predisposition or inherent tendency." *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006). "The rule excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to commit acts of that sort. Propensity evidence, whether of a person's general character or examples of specific bad acts, is ordinarily excluded because of the likelihood the jury may misuse it." *Id.* There are certain exceptions to Rule 404's bar to the admissibility of propensity evidence, but the Court concludes those exceptions do not apply here. *See* Fed. R. Evid. 404(b)(2) (providing for admissibility when propensity evidence is used for a purpose other than showing that the person acted in conformity with that character, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident").

Rule 405 states that "[w]hen a person's character or character trait is an essential element of a . . . defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). It is crucial to note, however, that Rule 405 "deals

only with the allowable methods of proving character, *not with the admissibility of character evidence*, which is covered in Rule 404." Fed. R. Evid. 405 (advisory committee notes) (emphasis added).

Here, the Court concludes the evidence Ms. Walls seeks to exclude regarding Mr. Avery's school disciplinary record and prior fights is inadmissible propensity evidence within the meaning of Rule 404(b). Defendants may not elicit testimony regarding, introduce evidence of, or refer in argument or questioning before the jury to Mr. Avery's having been disciplined at school because of fighting or to any prior fights Mr. Avery may have been in to show that Mr. Avery acted in accordance with that character or trait on April 18, 2011. Because the Court has determined that the evidence is inadmissible under Rule 404, Rule 405 does not provide a method for admissibility. Further, the Court notes that, even if this evidence were admissible under Rule 404(b), the Court concludes it is inadmissible under Rule 403.

Mr. Shelby contends that Mr. Avery's prior fighting rises to the level of habit evidence and, therefore, should be admissible under Rule 406, despite Rule 404(b)'s prohibition. Mr. Avery's prior fighting does not rise to the level of a habit within the meaning of Rule 406, which provides that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." As stated in the advisory notes to Rule 406, "[a] habit . . . is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic." (quoting McCormick, Evidence, § 162,

at 340 (2d ed. 1972)).   The advisory notes also address the distinction between character and habit and state in pertinent part:

> The rule is consistent with prevailing views.  Much evidence is excluded simply because of failure to achieve the status of habit.  Thus, evidence of intemperate "habits" is generally excluded when offered as proof of drunkenness in accident cases, Annot., 46 A.L.R.2d 103, and evidence of other assaults is inadmissible to prove the instant one in a civil assault action, Annot., 66 A.L.R.2d 806. . . .

Fed. R. Evid. 406 (advisory committee notes).

Mr. Shelby asserts that Mr. Avery had a habit of fighting or being aggressive when mad but offers little specific evidence that Mr. Avery had a practice of meeting a particular situation with specific conduct.  Rather, Mr. Shelby asserts generally that Mr. Avery "demonstrated a practice of being angry or upset followed by physical assault on the object of his anger" (Dkt. No. 63, at 3).  Mr. Shelby asserts that Mr. Avery was suspended multiple times from school for fighting and that Mr. Avery fought regularly as a gang member.  This alone fails to demonstrate that Mr. Avery habitually responded to a particular situation with a specific type of conduct.  Mr. Shelby does not provide the Court with sufficient specific instances of Mr. Avery responding to anger with physical violence such that the Court can conclude that doing so rises to the level of habit within the meaning of Rule 406.   The Court notes that even if this evidence were admissible under Rule 406, it would be inadmissible under Rules 404(b) and 403.

Rule 403 provides the Court discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of  . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Assuming Mr. Avery's school disciplinary records or prior fights are relevant to this action, the Court concludes that the relevance is substantially outweighed by the danger of unfair prejudice to Mr. Avery, undue delay, and wasting time.   The specific school fight that Mr. Shelby

highlights for the Court is a fight allegedly involving Mr. Avery's then-girlfriend.  Evidence is unfairly prejudicial under Rule 403 when it would influence the jury to decide the case on an improper basis.  *Cummings v. Malone*, 995 F.2d 817, 824 (8th Cir. 1993).  Permitting such evidence may lead the jury to conclude that Mr. Avery "deserved what he got" here based upon his alleged prior bad acts.  *Id.*  The Court concludes the danger of unfair prejudice substantially outweighs the probative value, if any, of such evidence.  Moreover, there is no evidence before the Court that any of the school fights or prior fights lead to criminal charges against or convictions of Mr. Avery.  If the Court permits defendants to introduce evidence of school fights or any other prior fights, the Court necessarily would be required to permit Mr. Avery to introduce evidence to put into context, explain, or rebut defendants' claims about fights they highlight from Mr. Avery's past.  That results in a danger of undue delay and wasting time.  For all of these reasons, the Court excludes such evidence under Rule 403.

For these reasons, the first motion *in limine* is granted (Dkt. No. 55).

## II.    Plaintiff's Second Motion *in Limin*e (Dkt. No. 56)

Ms. Walls moves to exclude "any and all evidence or testimony regarding the charges(s) that Avery was facing or the reasons for his incarceration on April 18, 2011" (Dkt. No. 56, at 1).  There is no evidence currently before the Court that Mr. Avery was convicted of the charges he was facing on April 18, 2011.  There is evidence Mr. Avery was a juvenile at the time and that the charges were brought against him as a juvenile.  The Court concludes that Rule 609, therefore, does not provide an avenue of admissibility for this evidence.  Rule 609 only permits evidence of a juvenile adjudication "if it is offered in a criminal case."  Fed. R. Evid. 609(d)(1).  The Court is persuaded that defendants' only use for this evidence is to demonstrate that Mr.

Avery acted in accordance with a propensity for violence, which is inadmissible under Rules 404(b) and 406, as discussed above.

The Court also concludes that, pursuant to Rule 403, the probative value, if any, of this underlying criminal charge is substantially outweighed by the danger of unfair prejudice to Mr. Avery if this evidence is admitted.  Specifically, Mr. Avery would be unfairly prejudiced by the risk that the jury would disavow his claims against defendants only because he was facing charges for a crime or would impermissibly conclude that he "got what he deserved" here because of those charges.  This would distract the jury from the issues related to Mr. Avery's civil claims and could result in the jury "punishing" Mr. Avery because of the charges he was facing at the time of the incident at issue in this case.  Accordingly, any evidence regarding the specific criminal charge that Mr. Avery was facing on April 18, 2011, and the facts underlying that charge are inadmissible.

The Court makes clear this ruling is limited to the specific criminal charge Mr. Avery was facing on April 18, 2011, and the facts underlying that charge.  The facts and circumstances of what occurred in juvenile court and immediately before the altercation at the juvenile detention center on April 18, 2011, are relevant and likely admissible.

For these reasons, the second motion *in limine* is granted (Dkt. No. 56).

### III.    Plaintiff's Third Motion *in Limine* (Dkt. No. 57)

Ms. Walls moves to exclude "any and all testimony regarding any gang affiliation that Mr. Avery might have had" (Dkt. No. 57, at 1).  As Mr. Shelby points out, the admissibility of this evidence is left to the Court's discretion, and this Court has "broad discretion when weighing probative value against unfair prejudice."  *United States v. Sparks*, 949 F.2d 1023, 1026 (8th Cir. 1991) (discussing gang-affiliation evidence in a criminal case and affirming the district court's

admission of the evidence because it "was necessary to rebut the defendants' version of events"). The Eighth Circuit has also stated that evidence of gang affiliation is "admissible if relevant to a disputed issue" but "is not admissible where is it meant merely to prejudice the [alleged gang member] or prove his guilt by association with unsavory characters." *United States v. McKay*, 431 F.3d 1085, 1093 (8th Cir. 2005) (discussing gang-affiliation evidence in a criminal case).

Defendants' proposed purpose in seeking to admit evidence and testimony of Mr. Avery's alleged gang affiliation is to show that Mr. Avery's role in the gang required him to fight and that he acted in accordance with his propensity to fight on April 18, 2011. Defendants contend Mr. Avery's role in the gang required him to fight everyone, including individuals in positions of authority such as adults and police officers. For the reasons set out above, the Court concludes this evidence is propensity evidence that will be excluded under Rule 404(b). Likewise, for the reasons stated above, the Court is not persuaded that this evidence is admissible habit evidence pursuant to Rule 406. The evidence before the Court is not sufficiently specific to permit the Court to conclude Mr. Avery had a habit of fighting based on his alleged gang affiliation. For example, the evidence does not indicate the length of time Mr. Avery allegedly belonged to a gang or the acts he allegedly performed while in the gang.

Pursuant to Rule 403, the Court also concludes that the probative value of evidence or testimony regarding Mr. Avery's past gang affiliation, if any, is substantially outweighed by the danger of unfair prejudice to Mr. Avery if this evidence is admitted. There is too great a likelihood that the jury would reject Mr. Avery's claims solely based on his past affiliation with a gang. This is the type of prejudicial evidence Rule 403 is designed to exclude.

For these reasons, the third motion *in limine* is granted (Dkt. No. 57).

* * *

Defendants, their witnesses, and their counsel may not elicit testimony regarding, introduce evidence of, or refer in argument or questioning before the jury in any way to any of the evidence excluded by the Court's rulings on these three motions *in limine*.  As to all of these issues, however, the Court finds instructive the Eighth Circuit's decision in *Cummings v. Malone*, 995 F.2d 817 (8th Cir. 1993).  In *Cummings*, an inmate brought an action against prison officials alleging a violation of the Eighth Amendment due to use of excessive force.  Prison officials appealed several evidentiary rulings by the district court.  *Id.* at 820-21.  The Eighth Circuit concluded "the district court did not abuse its discretion in excluding [prison officials'] direct testimony concerning the reason [the inmate] was initially picked up and excluding [the prison official's] testimony about her allegations of sexual assault."  *Id.* at 823.  The Eighth Circuit went on to conclude, however, "that the district court committed reversible error in excluding the testimony about the sexual assault allegation and [the inmate's] prior assault conviction once [the inmate] 'opened the door' to these issues on direct examination."  *Id.*

If the parties and their counsel believe that a door has been opened for introducing the evidence addressed by this Order, counsel are directed to approach the Court before introducing or eliciting such evidence, testimony, or argument before the jury.

SO ORDERED this the 15th day of December, 2012.

Kristine G. Baker
United States District Judge